Date signed May 27, 2008



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| LISA R. POPECK | : | Case No. 08-10237PM |
| | : | Chapter 7 |
| Debtor | : | |

### MEMORANDUM OF DECISION

Debtor filed a motion for a stay pending appeal of the Order Granting Motion for Turnover of Property. Bankruptcy Rule 7062 makes Rule 62 of the Federal Rules of Civil Procedure applicable in adversary proceedings.[1] But as noted in *Collier on Bankruptcy* § 7062.03 (15th ed. rev. 2008), following the revision of Rule 9014(c) in 1999, "Application of Part VII rules," a stay pending appeal is not generally available in the Bankruptcy Court in a contested matter. The court finds no basis to exercise its discretion to issue such a stay.

---

[1] Bankruptcy Rule 7062 provides: "Rule 62 F.R.Civ.P. applies in adversary proceedings." Rule 62(b) of the Federal Rules of Civil procedure provides:

(b) Stay Pending the Disposition of a Motion. On appropriate terms for the opposing party's security, the court may stay the execution of a judgment--or any proceedings to enforce it--pending disposition of any of the following motions:

    (1) under Rule 50, for judgment as a matter of law;

    (2) under Rule 52(b), to amend the findings or for additional findings;

    (3) under Rule 59, for a new trial or to alter or amend a judgment; or

    (4) under Rule 60, for relief from a judgment or order.

Because the turnover Order is akin to an injunction, the court will treat its role in this matter much like that in an interlocutory appeal where the Bankruptcy Court, under Local District Court Rule 404.5, will state in this opinion whether the order involves a controlling question of law, whether there is substantial ground for difference of opinion, and whether an immediate appeal of the matter may materially advance the ultimate determination of the case.

The standard in the Fourth Circuit for granting a stay pending appeal is set forth in the case of *Airport Comm. of Forsyth Co., North Carolina v. Civil Aeronautics Bd.*, 296 F.2d 95 (CA4 1961), adopting the requirements of *Virginia Petroleum Jobbers Ass'n v. Fed. Power Comm.*, 259 F.2d 921 (CADC 1958), that provided the following four-part test:

(1) Has the petitioner made a strong showing that it is likely to prevail on the merits of its appeal;

(2) Has the petitioner shown that without such relief it will be irreparably injured;

(3) Would the issuance of a stay substantially harm other parties' interests in the proceedings; and

(4) Where lies the public interest?

*See also,* WRIGHT MILLER AND KANE, *Federal Practice and Procedure* § 2904 (1995); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (also adopting the *Virginia Jobbers* formulation).

**(1) Has the petitioner made a strong showing that it is likely to prevail on the merits of its appeal?** While this court is generally hesitant to state that its decision will be upheld on appeal, the court believes this a likely result here. First, Debtor's counsel argues that much of the property involved is held for other parties. This is belied by Debtor's sworn Statement of Financial Affairs where in answer to Question No. 14, "List all property owned by another person that the debtor holds or controls," she answers: "None." It should be emphasized that at the time of filing this case, Debtor was represented by one of the most active and reputable lawyers to appear in this court. He has since withdrawn as counsel. Next, Debtor placed various items for sale at a consignment shop after the filing of this case. Finally, in attempting to convert this case to a case under Chapter 13 so as to enable her to take control of the property of the estate from the Chapter 7 Trustee, it seems unlikely that Debtor will be able to overcome the high barrier to reconversion in view of the standard of *Marrama v. Citizens Bank of Massachusetts*, 127 S.Ct. 1105 (2007). It should be noted that the *Marrama* case involved what was considered by many an absolute right to convert a case under Chapter 7 to a case under

Chapter 13 under § 706(a) of the Bankruptcy Code, unlike this case that involves a reconversion to a case under Chapter 13, a procedure that is problematic at best. *See generally*, KEITH M. LUNDIN, *Chapter 13 Bankruptcy* (3d ed. 2000).

**(2) Has the petitioner shown that without such relief it will be irreparably injured?** Debtor has not shown that without such relief she will be irreparably injured. She is entitled to retain exempt property, and the Chapter 7 Trustee has undertaken not to interfere with her personal care and living needs.

**(3) Would the issuance of a stay substantially harm other parties' interests in these proceedings?** Her unfettered control of the assets of this estate places the rights of all creditors at risk. While Debtor has undertaken not to transfer any property, considering her actions in concealment of estate assets and in filing Schedules that are inaccurate at best and perjured at worst, the court has no confidence that she will do as she promises.

**(4) Where lies the public interest?** The public interest is to allow the honest debtor a fresh start. Debtor's performance so far has been replete with perjury and subterfuge. Either Debtor lied in her answer to Question No. 14 on the Statement of Financial Affairs or her current counsel was mistaken in the statement that she holds property for others.

In any event, based upon this record, the court cannot offer any support for the imposition of a stay pending appeal. An appropriate order will be entered.

cc:   Debtor
      Debtor's Counsel
      Chapter 7 Trustee
      Chapter 7 Trustee's Counsel
      United States Trustee
      All Creditors

**End of Memorandum of Decision**