Date signed June 06, 2008



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| IN RE: : | |
| : | |
| LISA R. POPECK : | Case No. 08-10237PM |
| : | Chapter 7 |
| Debtor : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - : | |

## MEMORANDUM OF DECISION

This case came before the court for hearing on May 28, 2008, on the Debtor's "Motion to Vacate Order Converting Case to Chapter 7 or in the Alternative Reconvert Case to Chapter 13." The court had the opportunity to hear from the Debtor at length and, based upon the arguments presented and the testimony offered, the court will deny the Motion.

The Debtor filed this case originally as a case under Chapter 13 on January 4, 2008. On March 11, 2008, this court denied confirmation of her Chapter 13 Plan filed with the Petition without leave to amend. The Chapter 13 Plan was not feasible. The Debtor thereupon filed a Motion on March 31, 2008, to convert her case to a case under Chapter 7, as she had an absolute right to do so under § 1307(a) of the Bankruptcy Code. The case was thereupon converted by Order entered April 2, 2008, and Gary A. Rosen was appointed the Chapter 7 Trustee. When the Chapter 7 Trustee undertook to perform his statutory duties required by § 704(a) of the Bankruptcy Code and discovered assets of the estate and various omissions and misstatements in the Debtor's Schedules, he sought to take possession of non-exempt assets and began a series of examinations of individuals in an effort to seek additional assets. The Debtor sought to frustrate these efforts by refusing to turn over the assets and by filing the instant Motion to reconvert this case to a case under Chapter 13.

The Chapter 7 Trustee opposed the Motion. He argues that the Debtor's attempt to reconvert this case is in bad faith and that reconversion would amount to an abuse of the bankruptcy system. The court agrees with his conclusion that: "The Motion is nothing more than a desperate attempt by the Debtor to avoid the appropriate consequences of a dishonest debtor coupled with the diligent and competent Trustee preforming his duties in furtherance of the purposes and policies of the Bankruptcy Code." (Trustee's Opposition, Dkt. No. 95).

The issue presented for decision as aptly stated in the case of *In re Marrama*, 430 F.3d 474, 477 (CA1 2005) *aff'd sub nom. Marrama v. Citizens Bank of Massachusetts*, 127 S.Ct. 1105 (2007): "[W]hether Bankruptcy Code § 706(a) confers any discretion upon the bankruptcy court to forfend against 'bad faith' conversions to chapter 13, or the debtor has an 'absolute' right to convert." The Court of Appeals for the First Circuit concluded: "[S]ubsection 706(a) permits the bankruptcy court to deny a chapter 7 debtor's subsection 706(a) motion to convert where the court determines that the debtor engaged in bad faith conduct." *Id*. at 481. In affirming, the Supreme Court agreed that bad faith conduct may make a debtor unqualified as a debtor under Chapter 13. *Marrama* at 1110-1111.

This case is governed by § 706(a) of the Bankruptcy Code that provides:

**11 U.S.C. § 706.  Conversion**

> (a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

*Marrama* instructs that a debtor who files a case under Chapter 7 in bad faith, concealing significant assets, does not have the right to convert to a case under Chapter 13. Such a debtor falls within the description of § 706(d) of the Bankruptcy Code as one who does not have the right to convert because that debtor is not someone who may be a debtor under the Chapter. *Marrama* overruled such cases as *In re Martin*, 880 F.2d 857, 859-860 (CA5 1989) and *In re Croston*, 313 B.R. 447, 451-452 (B.A.P. 9 CA9 2004) holding that a debtor's misconduct and subjective bad faith are insufficient to abrogate the unqualified right of conversion.

It must be recognized that the *Marrama* case involved a one time Chapter 13 case. The subject case involves a failed Chapter 13 case that was converted to a case under Chapter 7 that the Debtor sought to reconvert when she saw that the Chapter 7 Trustee, acting with due diligence, discovered undisclosed assets and highlighted various misstatements of fact made by

the Debtor in her Schedules and Statement of Financial Affairs and in her testimony.[1]

The Debtor has insufficient income to support herself much less to fund a plan. She cannot meet the feasibility requirement of § 1325(a)(6) of the Bankruptcy Code by her undertaking to find a job or her statement that her close personal friend would contribute the necessary funds. This latter proposal is subjectively infeasible in that the court has no power to compel a third party to make the necessary plan payments on behalf of the Debtor for a 5-year period.[2]

The Debtor offered to post a bond in the amount of her assets that could be called upon if such assets were sold without court order. This process is unduly cumbersome in that it would involve an inventory and appraisal of all the estate assets that would undoubtedly be contested and presumably would guarantee the funding of a plan. The court has never encountered any such creature.

In summary, the court adopts the view espoused in the case of *In re Anderson*, 354 B.R. 766 (BC S.C. 2006), that a previous conversion in a case precludes conversion as a matter of right, but a second conversion may be permitted. The court has the discretion to order a second conversion after scrutinizing the Debtor's circumstances *bona fides* and ability to succeed with the purposes for conversion. After considering the Debtor's performance to date and her various misstatements, many under oath, the court finds little likelihood that she would succeed, and it would be in the interest of her creditors for this case to proceed in Chapter 7. While the Debtor states that she participates in a twelve-step Debtors Anonymous program and that a successful Chapter 13 case would assist in her recovery, nothing prevents her from proceeding in a case under Chapter 7 and in the Debtors Anonymous program at the same time.

An appropriate order will be entered.

---

[1] In the course of the hearing, the Chapter 7 Trustee's counsel examined the Debtor about a telephone conversation where the Debtor sought advice after the filing of the bankruptcy case with respect to the sale of a diamond engagement ring.

[2] All of this discussion may be mooted by the consideration that the Debtor may have non-contingent, liquidated unsecured debts in excess of $336,900.00 thus making her ineligible for relief under Chapter 13. 11 U.S.C. § 109(e). An attempt at conversion to a case under Chapter 11 is also likely to fail. *See In re Finney*, 992 F.2d 43 (CA4 1993).

cc:  Lisa R. Popeck, 12490 Ansin Circle Drive, Potomac, MD 20854
John D. Burns, Esq., 6303 Ivy Lane, Suite 102, Greenbelt, MD 20770
Gary A. Rosen, Trustee, One Church Street, Suite 802, Rockville, MD 20850
Rand L. Gelber, Esq., One Church Street, Suite 802, Rockville, MD 20850
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**